IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL E. JONES,                  )
                                   )
                Plaintiff,         )
                                   )   CIVIL ACTION
v.                                 )
                                   )   No. 09-2166-KHV-GBC
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the ALJ's reliance on the testimony of the vocational expert (VE), the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

I.  **Background**

Plaintiff applied for DIB and SSI on September 3, 2004 alleging disability since May 1, 2003. (R. 18). His

applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge (ALJ). (R. 18). Plaintiff's request was granted, and he appeared with counsel at a hearing before ALJ James S. Stubbs on June 10, 2008. Id. Testimony was taken from plaintiff, from a medical expert, and from a vocational expert. (R. 18, 42-82). On August 25, 2009, the ALJ issued a decision, finding that although plaintiff is unable to do his past relevant work, he is able to make "a successful adjustment to other work that exists in significant numbers in the national economy." (R. 24). Therefore, he concluded plaintiff is not disabled within the meaning of the Act, and denied plaintiff's applications. (R. 24-25).

**II. Legal Standard of Review**

Plaintiff correctly states the standard of review:

> Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and whether correct legal standards were applied. See Marshall v. Chater, 75 F.3d 1421, 1425 (10th Cir. 1996). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. See Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." Kepler v. Chater, 68 F.3d 387, 388-89 (10th Cir. 1995).

(Pl. Br. 3-4).

The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White v. Barnhart, 287

F.3d 903, 905 (10th Cir. 2001)(quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).

An individual is under a disability only if he can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id. It is claimant's burden to prove a disability that prevents performance of his past relevant work. Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams v. Bowen, 844 F.2d 748, 751 n.2. (10th Cir. 1988). Thereafter, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff's only claim of error is that the ALJ found plaintiff was limited to sedentary work, but improperly relied upon the VE testimony that plaintiff is able to perform three representative jobs, all of which are performed at the light exertional level. (Pl. Br. 4). Therefore, plaintiff argues, the

VE testimony is not evidence upon which the ALJ might properly rely because the VE testimony was elicited by hypothetical questions that do not relate with precision to the RFC assessment established by the ALJ.  Id.  The Commissioner argues that the RFC assessed by the ALJ does not "limit Plaintiff to strictly sedentary work," (Comm'r Br. 5-6), that the "hypothetical question to the vocational expert mirrored the ALJ's function-by-function assessment of Plaintiff's RFC," id. at 6, and therefore the ALJ properly relied upon the VE's testimony that plaintiff is able to perform other jobs in the economy such as the representative jobs suggested.  Id. at 6-7.  The Commissioner argues that under these circumstances, the ALJ's "use of the term 'sedentary' in describing Plaintiff's RFC was harmless error as the ALJ's function-by-function analysis showed that Plaintiff was capable of more than sedentary activity."  Id. at 6.  In his Reply Brief, plaintiff again asserts that the representative jobs suggested by the VE are all classified as light work as the VE testified, and that the ALJ found only that plaintiff has the RFC for sedentary work.  (Reply 1-2).  He concludes, "Since the three light jobs suggested by the VE exceed the RFC determined by the ALJ according to the DOT, the Commissioner has not [met] his burden of going forward with the evidence."  Id. at 3.

    The court notes that the Commissioner's argument properly applies the legal standards to this case, but plaintiff's

argument elevates form over substance in claiming that because the ALJ <u>stated in the decision</u> that plaintiff has the RFC for sedentary work, he was prohibited from finding that plaintiff could perform work that exceeds the criteria of sedentary work in <u>any</u> way. Nevertheless, the court finds that the hypothetical questions presented to the VE do not relate with precision <u>all</u> of plaintiff's limitations, and contrary to the Commissioner's argument, do not "mirror" the ALJ's assessment of plaintiff's RFC. Therefore, it finds remand is necessary because the VE testimony may not be relied upon under the circumstances of this case, and substantial evidence in the record does not support the ALJ's decision.

The ALJ stated his RFC assessment:

> the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following exertional and nonexertional limitations that reduce the claimant's capacity for work: lift and/or carry a maximum of 10 pounds frequently or 20 pounds occasionally; stand and/or walk for 15-20 minutes at a time, and for a total of up to 3 hours in an 8-hour workday; and sit for 1 hour at a time, and for a total of up to 6 hours total in an 8-hour workday, but with the following nonexertional limitations: no working on ladders, scaffolds, or at unprotected heights; no overhead work; no work that requires rapid, repetitive grasping; no stooping down to or lift from the floor; cannot work in extreme heat; and only occasionally kneel, reach, and use stairs.

(R. 21).

At the hearing, the ALJ stated the following hypothetical for the vocational expert:

> I would like you to assume that this individual can
> lift and carry 20 pounds on an occasional basis, 10
> pounds frequently, can stand and walk for 15 to 30
> minutes at a time for a total of three hours in an
> eight hour day, can sit for up to one hour at a time
> for six hours in an eight hour day. This individual is
> prohibited from the use of ladders, scaffolds, working
> at unprotected heights, cannot perform overhead work,
> cannot perform work that requires rapid, repetitive
> grasping. He cannot stoop down to or lift from the
> floor, and cannot work in extreme heat. He can
> occasionally kneel, reach, and use stairs.

(R. 78).

Based upon this hypothetical, the VE testified that a person with these limitations could not perform plaintiff's past relevant work and would have no transferrable skills, but that such a person would be able to perform light, unskilled work as a cashier, as a general office helper, and as a parking lot attendant. (R. 78-79). The Commissioner argues that the hypothetical "mirrored the ALJ's function-by-function assessment of Plaintiff's RFC." (Comm'r Br. 6). But the Commissioner's argument is not supported by the evidence. As quoted above, the ALJ found in his RFC assessment that plaintiff is able to "stand and/or walk for 15-**20** minutes at a time," (R. 21) (emphasis added), but in the hypothetical he instructed the VE to consider a person who "can stand and walk for 15 to **30** minutes at a time." (R. 78) (emphasis added). The VE testified that a person who is able to stand and walk for <u>thirty minutes</u> at one time is able to perform the representative jobs, but he was not presented with an

hypothetical person who could stand and walk only twenty minutes at a time.

The ALJ apparently did not notice this difference between the RFC assessed and the hypothetical presented, did not explain the resulting ambiguity, and did not explain how he found that <u>plaintiff</u> is able to perform the representative jobs despite being more limited in the ability to stand or walk than the hypothetical individual. There is no evidence in the record that a person with the standing and walking limitations assessed in plaintiff's RFC is able to perform these representative jobs.

"'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision.'" <u>Gay v. Sullivan</u>, 986 F.2d 1336, 1340 (10th Cir. 1993) (citing <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting <u>Ekeland v. Bowen</u>, 899 F.2d 719, 722 (8th Cir. 1990))). Although the difference in ability between the hypothetical and the RFC assessed in this case is small, the court finds that it is nonetheless significant, and will not satisfy the precision contemplated in the cases cited above.

In defining "sedentary" work, the <u>Dictionary of Occupational Titles</u> (DOT) notes, "Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if <u>walking and standing are required</u>

only occasionally and all other sedentary criteria are met." Dictionary of Occupational Titles, App. C (4th Ed., Rev. 1991) (available online at http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM) ("occasionally" defined as "activity or condition exists up to 1/3 of the time") (emphasis added).  Similarly, Social Security regulations provide that "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a)(emphasis added).

In defining "light" work, the DOT notes, "Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree."  DOT, App. C (4th Ed., Rev. 1991) (emphasis added).  Similarly, Social Security regulations provide that "a job is in this category when it requires a good deal of walking or standing."  20 C.F.R. § 404.1567(b).  As both plaintiff and the Commissioner admit, the representative jobs suggested by the VE are classified by the DOT as "light" work.  Therefore, applying the DOT and the regulations, standing or walking are required in these jobs more than occasionally, "a good deal," and "to a significant degree."

The VE testified that the hypothetical individual is able to perform the jobs although limited to standing and walking a total of three hours in an eight-hour day.  So the court finds that the

jobs require standing and/or walking no more than three hours in an eight-hour work day.  However, based upon the hypothetical presented, and the VE's testimony, the jobs require standing and/or walking up to <u>thirty minutes</u> at a time.  (R. 78).  The ALJ determined plaintiff is able to stand and/or walk <u>only</u> <u>twenty minutes</u> at a time (R. 21), therefore, there is no evidence in the record (including the testimony of the VE) that plaintiff (limited to twenty minutes) is able to meet the standing and/or walking requirements (thirty minutes) of the representative jobs.  Remand is necessary for the Commissioner to determine whether the representative jobs can be performed by an individual who is able to stand and/or walk only fifteen to twenty minutes at a time.

**IT IS THEREFORE RECOMMENDED** that the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 3rd day of February 2010, at Wichita, Kansas.

s/: Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**